23058. SMITH *et al.,* trustees, *v.* KELLEY.

DECIDED MARCH 3, 1934.

*C. L. Smith, C. L. Cowart,* for plaintiffs.

*J. V. Kelley, Kelley & Dickerson,* for defendant.

GUERRY, J. This is the second appearance of this case in this court. *Smith* v. *Kelley,* 43 *Ga. App.* 706. Smith and others, as trustees, brought suit in the superior court of Tatnall county against Kelley on a promissory note dated May 4, 1926, in the sum of $5600, bearing interest from date, and having a credit thereon of $2262.26 dated November 1, 1927, and a credit of $324.60 dated December 3, 1928. In the petition there was an allegation setting up that notice of the bringing of said suit to the October term, 1929, of the superior court of Tatnall county was given the defendant in order to bind him for fifteen per cent. attorney's fees as provided therein. A verdict in favor of plaintiffs was directed, in the sum of $23.38 principal with interest from October 12, 1929, at 8% per annum, and $647.25 attorney's fees. On motion by the defendant the trial court granted a new trial, and the plaintiffs excepted thereto. This court in its former opinion, supra, said: "The defendant having by plea admitted the plaintiffs' right to recover an alleged balance due on a note and attorney's fees, 'unless the defendant makes good his defense' that prior to the return day of the court he tendered the plaintiff the full amount of principal and interest due at the time of the tender, and it appearing from the record and the uncontradicted evidence that the suit was for a balance due of $4,010 with interest at 8 per cent. per annum from November 1, 1928, and attorney's fees as contracted for in the note, and that the sum tendered, which was $4,292.26, was not tendered earlier than September 26, 1929, and was therefore $7.40 less than

the amount due on the principal and interest on that date, and that the defendant did not, on or before the return day, tender or pay to the plaintiffs the full amount due on the principal and interest, but did afterwards, with the consent of the plaintiffs and without prejudice to any of the rights of the parties, pay the sum of $4,292.26 on the amount due on the note, the plaintiffs were entitled to recover the balance due, including attorney's fees; and the verdict for the defendant was without evidence to support it and contrary to law."

Before the case was tried the second time the defendant amended his plea and alleged that on September 27, 1929, he tendered to the plaintiff $4292.26, which was the full amount due, the same being in solvent bank exchange as had been requested by plaintiff, in settlement of said note, believing in good faith that was the full amount due thereon, and at the time made the following request: "'If for any reason this is not the correct amount due, kindly advise me and I will adjust it,' defendant meaning this as an offer to pay such correct amount as might be due when the same was ascertained;" that this offer was and has been a continuing offer, and the very exchange offered on September 27 was afterwards cashed by plaintiff and applied as a credit on said note. By amendment the plea admitting a prima facie case was stricken and the date of payment was alleged to be September 27, 1929, and there was attached thereto an itemized calculation and it was alleged that said sum of $4292.26 actually overpaid the amount due on September 27 by eighteen cents. It will be seen therefore that the pleadings in the present case present a different case from those in the first trial.

The evidence showed that notice of attorney's fees was sent to the defendant September 18, 1929. C. L. Smith was a party plaintiff and also attorney, and seems to have been acting for the other holders of the note. It was shown by the evidence that the defendant, on September 26, procured from the Tattnall County Bank, in Reidsville, exchange on the Citizens and Southern Bank of Savannah, in the sum of $4292.26, and mailed the same on the afternoon of the 26th to C. L. Smith, at Valdosta, Georgia. It was further shown that in the ordinary course of mail transmission, the letter should have reached Valdosta by the afternoon of the 27th of September. It was further shown by letters written by plaintiff to defendant that it was suggested that remittances on said note be sent by "Atlanta or Savannah Exchange, and that other remittances had

been so sent and accepted thereon." The plaintiff also wrote the defendant, "I will be glad to send the papers, transferred to your bank or such other person as you may request." On September 30, plaintiff wrote defendant that he was in receipt of the exchange on the Citizens and Southern Bank, sent on the 26th by registered mail (the letter being silent as to the time the letter containing such exchange was received by plaintiff). Plaintiff's letter of the 30th said: "The exchange is returned . . : 1. Because the check sent is not legal tender. 2. Because your tender of check is not unconditional. 3. Because, not having heard from you since I mailed you letter and notice of suit on September 18th, and not having heard on Saturday, September 28th, and my time being limited for the filing of suit on October 1st, the return day of Tattnall superior court, I did on September 28th mail, to the clerk of said court, suit against you in favor of the trustees, pursuant to the notice of said suit given you, and said suit should be in the hands of the clerk of such court for filing at the time your letter and check were received. 4. Because attorney's fees and court costs would attach before I could collect the check from the bank on which it is drawn and because the check is insufficient to pay the principal, interest, attorney's fees and court costs accruing. 5. Because the note is payable in Valdosta, Georgia, and, after giving you credit for the payments made by you, less the exchange paid on your checks, the amount tendered is insufficient to pay the principal and interest on your note on this day [September 30]. 6. Because your check sent and tendered in full settlement and satisfaction of the entire amount due on the note when the check is insufficient to cover the principal and interest due on the same at this time." Defendant replied to this letter on October 3, stating that he had made remittance September 26 in such exchange as plaintiff had requested for previous payments made on the note, "drawn on a bank with a branch next door to you, acceptable anywhere in Georgia at par." "If I did not enclose the entire amount I did my very best, and if I made an error, please be so kind as to let me know the exact amount due upon the note September 27th. You had this exchange in hand the morning of September 30th, as your reply card bears Valdosta stamp 10.:30 a. m., that date. Your suit was not filed until October 1st, and did not reach here until 11:00 o'clock that date. You had offered to send the note and deed to secure

debt transferred to any bank for payment, and certainly you expected in return exchange of the kind I sent you." The letter contained also an offer to pay court costs. Defendant sent back the original exchange sent to plaintiff, and it was cashed by plaintiff on October 14. It was shown by evidence that the item of $2262.26, shown as a credit on said note, was sent by exchange drawn by Tattnall Bank on the Citizens and Southern Bank of Savannah. The defendant claimed in his letter accompanying such exchange that such remittance paid the note down to $4000. In his plea he showed by calculation attached that it was paid down to $4006. The plaintiff in his petition claimed $4010. This court, in its former opinion, on the assumption that it was admitted that $4010 was due November 1, 1927, and that $324.60 was paid thereon December 3, 1928, said that the defendant was due the plaintiff $7.40 principal and interest on September 26, 1929. The court in the present trial directed a verdict, calculated by plaintiff's counsel, for $23.38 principal, $5.51 interest and $647.35 attorney's fees.

In granting the new trial complained of in this case the trial judge said: "The Court of Appeals held in this case that the defendant lacked $7.40 of tendering the principal and interest, and for this reason the tender was not good. I directed the verdict accordingly, and for some reason the plaintiff took verdict for more than that amount. So far as I have been able to see, no two persons have calculated the amount due the same. There is no dispute as to the amount of the note or as to the amount of the several payments." The trial court further said, in the order granting a new trial, that if interest were calculated up to September 30, 1929, there would be only $2.52 principal due after crediting the $4292.26 as of that date. "Moreover, it is probable that the cause before me is somewhat different from what it was before the Court of Appeals. I have not the record, but it is rare that the case is the same on the second trial. In deciding this motion I am not unmindful that the judgment of the Court of Appeals in the case is the law of the case. Nor do I overlook that an attorney can not accept anything but cash in payment, that checks until paid are not payment, and in considering this case it is interesting to observe, plaintiff's counsel suggested in a letter on October 20, 1927, that if defendant would reduce his note to $4000 that payment for the balance would be extended, and thereupon defendant sent him Savannah exchange for

$2262.26, stating, according to his calculation, such amount reduced the debt to $4000, and with this statement of defendant the payment was accepted by plaintiff's counsel without any suggestion of error in the calculation of interest or that the payment did not reduce the note to $4000 balance, the amount offered by defendant on September 30, 1929, would have overpaid the note. Also, plaintiff, through his counsel, invited the defendant to pay with Savannah exchange, and suggested a transfer of the security which defendant asked and which plaintiff's counsel used as an excuse to claim the tender was conditional. Are we not also warranted in concluding that the Savannah exchange sent as requested by counsel for plaintiff could have been used as a cash item by plaintiff in Valdosta on the day it was received and that the refusal to accept the payment as tendered was perhaps induced by a desire to tax defendant with 15% (an unusual amount in notes) attorney's fees. From the foregoing it may be seen that I am of the opinion that the verdict is not right."

We are convinced that the learned trial judge is correct in ordering a new trial. Under the allegations of the plea and the evidence submitted, the jury would have been warranted in finding that the parties had by conduct and agreement made the exchange offered such a medium as to make it a valid tender rather than currency. The exchange was unquestionably tendered unconditionally. It did request plaintiff to execute transfer of the deed he held as a security for the note, but this the plaintiff had offered to do in his letter of September 18th as follows: "I will be glad to send papers transferred to your bank or such other person as you request." Furthermore, the defendant did not make such a request a condition to the payment of the exchange. A debtor has until return day to pay the obligation in order to relieve himself of attorney's fees and costs, and until suit is actually filed on the return day itself. A creditor may file suit at any hour on return day and a tender after that time will not avail the debtor to avoid attorney's fees and costs. *Holland* v. *Mutual Fertilizer Co.*, 8 *Ga. App.* 714 (70 S. E. 151). The return day was October 1. The tender was made either September 27, or on September 30 at the outside, and if it was a valid tender, it relieved the defendant from costs and attorney's fees.

We come now to consider the question of amount of tender. It does not appear that the plaintiff has ever claimed any certain or

definite amount as being due on September 27 or September 30, leaving the matter of calculation entirely to the defendant. From the figures deduced by calculation, cited above, it can readily be seen that they were "many men of many minds." We are not suggesting that we are believers in the infallibility of our own calculations, for we recall our early struggles in the "little red schoolhouse" with the intricacies of "partial payments." It is not the province of this court to pass on the correctness of calculations until it has been definitely determined what is the proper basis for such calculation under the facts of the case. We are willing to say, in passing, that $4006, rather than $4010, is the correct amount or balance due on November 1, 1927, and that under the pleadings as presented at the second trial a different verdict was warranted than that stated by this court in its former opinion, supra. The defendant, under the evidence introduced, and by the letters written at the time, showed that he was honestly endeavoring to pay the entire amount of principal and interest due, and offered, if the amount sent was not correctly figured, to make it certain by notifying him of the exact amount due as of that date. In *Henderson* v. *Willis*, 160 *Ga.* 638 (128 S. E. 807), it is said: "Where a tender of money is made but is insufficient in that the *exact* [italics ours] amount due is not tendered, but the party making the tender makes it in good faith, thinking it is the amount due, and is ready, willing, and able to pay the full amount actually due, . . no further tender is necessary to make the same good in law."

The present case, as suggested by the trial judge, presents a different complexion and issue from the former trial. We are saying this because we are mindful of what has already been decided by this court with respect to this matter. We are also mindful of the principle laid down in the *Henderson* case, supra, and are unwilling to say that a defendant, if the jury shall hold that he has made a valid tender by reason of conduct and agreement of parties, shall be taxed in the sum of $645 attorney's fees because of an alleged error in calculation. It was a question for the jury to determine under proper instructions by the court whether the plaintiff, as was pleaded by the defendant, had by his letters and conduct induced the defendant to believe that exchange on the Citizens and Southern Bank of Savannah would be accepted in payment instead of actual currency. The defendant tendered such exchange before the re-

turn day of the court. It reached the plaintiff and was in his hands before the suit was filed. The exchange so tendered was on a solvent bank, as is evidenced by the fact that the plaintiff a few days later actually cashed the same and credited the full amount thereof on the note sued on. In our opinion the trial judge was manifestly right in granting a new trial.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*